UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANA JOHNO                                    CIVIL ACTION

VERSUS                                        NO: 06-11433

PLAQUEMINES PARISH                            SECTION: R(2)
GOVERNMENT, ET. AL.

**ORDER AND REASONS**

Before the Court is defendant Plaquemines Parish Government's motion to dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. For the following reasons, the Court allows plaintiff an additional 45 days to effect service of process. If he fails to effect service of process by December 13, 2007, his complaint will be dismissed without prejudice.

I.      BACKGROUND

On December 29, 2006, plaintiff Dana Johno filed suit under 42 U.S.C. § 1983 against Plaquemines Parish Government, Engineering & Public Works of Plaquemines Parish, and Parish

President, Benny Rouselle. When Johno filed suit, he was represented by counsel. Counsel later withdrew, and plaintiff entered the case *pro se*. Johno owned a movable house that was dislodged from its plot by Hurricane Katrina and floated to rest on a neighbor's property. Johno alleges that he posted a sign on his house that included his name and contact information and indicated that he owned the house and that the structure was not to be demolished. Nevertheless, he contends, the parish's contractor demolished his house after the neighbor on whose property the house stood authorized the parish government to remove debris from her property.

    Plaquemines Parish Government now moves to dismiss for insufficient service of process. Plaintiff has not responded. The record indicates that the Clerk's Office issued a summons to Plaquemines Parish Government, Engineering & Public Works of Plaquemines Parish, and Benny Rouselle on December 29, 2006. Through counsel on April 12, 2007, plaintiff requested that the Clerk's Office reissue the summons to these parties, which it did on April 16, 2007. A day later, plaintiff's counsel withdrew from the case. Despite the two attempts at service, the record does not contain any returns of service. Defendant argues that plaintiff failed to serve the chief executive officer of the parish government as required by Federal Rule of Civil Procedure

4(j)(2). Defendant has included copies of two summons that are addressed only to "Engineering & Public Works, Plaquemines Parish" and "Plaquemine [*sic*] Parish Government." It also contends that there is no legal entity known as "Engineering & Public Works." The Court called on plaintiff twice to report the status of his case for his failure to prosecute. On neither occasion did plaintiff appear before the Court to report the status of his suit. On October 15, 2007, the Court dismissed plaintiff's suit against defendants Engineering & Public Works of Plaquemines Parish and Benny Rouselle without prejudice for plaintiff's failure to prosecute. Only the parish government remains as a defendant.

**II.   DISCUSSION**

If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *Id.* A party can generally meet this burden by producing the return of service, which is *prima facie* evidence of the manner in which service was made. *See Seal v. Louisiana*, Civ. No. 05-629, 2005 WL 3543836, at *1 (E.D. La. Oct. 18, 2005) (citing *O'Brien*

*v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

Service of process in this case is governed by Federal Rule of Civil Procedure 4(j)(2). The rule provides that service of process on a local government can be made either by "delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." The Louisiana Code of Civil Procedure article 1265 provides that service of process on any political subdivision may be made upon the governing authority's chief executive officer.

A plaintiff has 120 days to serve any defendants. Fed. R. Civ. P. 4(m). More than 120 days have passed since Johno filed his lawsuit on December 29, 2006. Under Rule 4(m) the district court has two choices when a plaintiff fails to effect service within a 120-day period: it may either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m). Although the record contains no returns of service on the parish government, it

4

appears that plaintiff twice attempted to effect service. Plaintiff also lost the services of counsel immediately after the Clerk's Office issued the second summons. In the interests of justice, the Court grants plaintiff an additional 45 days from the date of this order to effect service of process on the parish government. If plaintiff fails to effect proper service by December 13, 2007, his case will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court allows plaintiff an additional 45 days to effect service of process. If plaintiff fails to effect proper service by December 13, 2007, his case will be dismissed without prejudice.

New Orleans, Louisiana, this  30th  day of October 2007

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE